# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00606-JHN-AGRx | Date | June 9, 2010 |
|---|---|---|---|
| Title | Jamie Lee v. Washington Mutual Bank et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION (In Chambers)

Plaintiff filed this action in federal court on January 27, 2010, alleging violations of state and federal law governing fair lending practices. However, the complaint fails to allege facts to indicate that the federal claims are not time-barred.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. V. Williams*, 482 U.S. 386, 392 (1987). In addition, "[a]n allegation of time or place is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f).

Although the jurisdictional allegations in the Complaint suffer from a number of errors,[1] Plaintiff's Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA") claims would presumably provide a basis for federal jurisdiction over the third cause of action and supplementary jurisdiction over the remaining state law claims. Here, the Complaint does not indicate the specific date upon which the loan transaction occurred. Generally, any action under TILA must be brought within one year of the date of the violation. 15 U.S.C. § 1640(e). An obligor's right of rescission shall expire three years after the date of

---

[1] Plaintiff mistakenly asserts that federal jurisdiction exists pursuant to 15 U.S.C. § 1640(c). That section deals with unintentional or good faith errors by creditors and does not speak to jurisdiction. However, it is likely that Plaintiff intended to cite § 1640(e), which provides federal jurisdiction for TILA claims. In addition, Plaintiff incorrectly cites 15 U.S.C. § 1637 as the Home Ownership and Equity Protection Act ("HOEPA"), when the correct citation is 15 U.S.C. § 1602 *et seq*. Moreover, Plaintiff neglects to allege or provide support for supplementary jurisdiction over the state law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-00606-JHN-AGRx | Date | June 9, 2010 |
|---|---|---|---|
| Title | Jamie Lee v. Washington Mutual Bank et al. | | |

consummation of the transaction.  *Id.* at § 1635(f).  "[A]s a general rule the limitations period starts at the consummation of the transaction."  *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).  However, " [t]he district courts . . . can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."  *Id*.

Absent information as to when the loan transaction occurred, the Court cannot determine whether the federal claims can be sustained, and consequently whether federal jurisdiction exists.  For this reason, Plaintiff is ORDERED TO SHOW CAUSE, <u>in</u> <u>writing</u>, why this matter should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **July 7, 2010** will result in dismissal of this case for lack of subject matter jurisdiction.  A response to this Order shall be no longer than three (3) pages.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |